UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MICHAEL A. LOCOCO,                        )
                                          )
          Petitioner,                     )
                                          )
          v.                              )     No. 4:08CV149  HEA
                                          )
MISSOURI DEPARTMENT                       )
OF CORRECTIONS, et al.,                   )
                                          )
          Respondents.                    )

## OPINION, ORDER AND MEMORANDUM

This matter is before the Court upon petitioner Michael A. Lococo's application

for leave to commence this action without payment of the required filing fee.  Upon

consideration of the financial information provided with the application, the Court finds

that petitioner is financially unable to pay any portion of the filing fee.

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2554.  Having

reviewed the petition [Doc. #1], the Court will order petitioner to show cause as to why

the Court should not dismiss this action as time-barred under 28 U.S.C. § 2244(d)(1).

### The Petition

Petitioner, an inmate at the Potosi Correctional Center, seeks release from

confinement pursuant to 28 U.S.C. § 2254.  Petitioner states that, after pleading guilty

to charges of second degree assault, armed criminal action, and "UUW-drive by

shooting," he was convicted and sentenced on July 7, 2003, in St. Louis County Circuit Court. On December 20, 2005, petitioner filed a "motion for discovery" in his state criminal case, which the Court denied on January 9, 2006. *See State of Missouri v. Lococo*, No. 2102R-03661-01; Missouri Case.net, *available at* http://www.courts.mo .gov/casenet/cases/searchDockets.do.[1] On or about January 7, 2008, petitioner filed a motion for post-conviction relief in the St. Louis County Circuit Court; the motion was dismissed without prejudice on February 5, 2008. *See Lococo v. State of Missouri*, No. 08-SL-CC00528, Missouri Case.net, *available at* http://www.courts.mo .gov/casenet/cases/searchDockets.do. Petitioner filed the instant habeas corpus action on January 30, 2008. He seeks his immediate release or a sentence reduction.

## Discussion

Both 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provide that a district court may summarily dismiss a petition for writ of habeas corpus if it plainly appears that the petitioner is not entitled to relief.

---

[1]The Court notes that petitioner states he "filed for a sentence reduction in 2006 [and] the Court denied it."

A review of the instant petition indicates that it is time-barred under 28 U.S.C. § 2244(d)(1)[2] and is subject to summary dismissal. As previously stated, petitioner is challenging his July 7, 2003 criminal conviction. On December 20, 2005, he filed a "motion for discovery" in his state criminal case; he believes he filed for a sentence reduction in 2006; and on January 7, 2008, he filed a motion for post-conviction relief in state circuit court.[3] Petitioner claims that the one-year limitations period does not bar the instant petition, because he "never received a reply from the St. Louis County Circuit Court on [his] Form 40 in 2003 . . . [and he] did not know about other courts at the time, [and he] had noboby to help [him] with the legal work." In addition, he states that he had "mental illness and [has] been disabled since 1982 on Social Security Disability."

Equitable tolling of the AEDPA's one-year limitations period for filing a petition for writ of habeas corpus in federal court requires "extraordinary circumstances." *See, e.g., Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (equitable tolling proper only when extraordinary circumstances beyond prisoner's control make it impossible to file timely petition). Petitioner's claims relative to the timeliness of the instant action

---

[2]Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (enacted on April 24, 1996), amended 28 U.S.C. § 2244 by adding a one-year limitations period to petitions for writs of habeas corpus.

[3]The filing of such motions cannot resurrect an otherwise procedurally-defaulted claim. *See Anderson v. White*, 32 F.3d 320, 321 n.2 (8th Cir. 1994).

do not establish extraordinary circumstances required for equitable tolling; they are wholly conclusory and are unsupported by any evidence. *See Rios v. Mazzuca*, 78 Fed .Appx. 742 (2nd Cir. 2003)(no tolling due to prisoner's alleged mental illness where he produced no documentation showing that during period in which he could have filed federal habeas petition he was so incapable of rational thought that he could not appreciate his situation, or he lacked the wherewithal to ascertain he must take legal steps); *Brown v. McKee*, 232 F.Supp.2d 761 (E.D.Mich. 2002)(no equitable tolling where petitioner failed to identify mental illness, the fact he had been receiving psychotropic medications actually weighed more in favor of being able to function than not, and during the time he was receiving the medications, he was nonetheless able to file several post-conviction motions in state courts).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that no order to show cause shall issue at this time as to respondent, because the instant habeas petition appears to be time-barred under 28 U.S.C. § 2244(d)(1).

**IT IS FURTHER ORDERED** that petitioner shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant

application for writ of habeas corpus as time-barred. Petitioner's failure to file a show

cause response shall result in the denial of the instant habeas corpus petition and the

dismissal of this action as time-barred.

Dated this 7th day of March, 2008.


_____
    HENRY EDWARD AUTREY
    UNITED STATES DISTRICT JUDGE