UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MICHAEL A. LOCOCO,          )
                            )
    Petitioner,             )
                            )
        v.                  )   No. 4:08CV149 HEA
                            )
MISSOURI DEPARTMENT OF      )
CORRECTIONS,                )
et al.,                     )
                            )
    Respondents.            )

## ORDER OF DISMISSAL

Having carefully reviewed petitioner's "Amendment" [Doc. #6] and "Supplemental" filings [Docs. #7, #9, and #10], which this Court has liberally construed as petitioner's response to this Court's order to show cause, the Court concludes that the instant action should be dismissed as time-barred under 28 U.S.C. § 2244(d)(1), as set forth in this Court's Order and Memorandum of March 7, 2008 [Doc. #5].[1]

---

[1]Specifically, the Court finds no merit to petitioner's claims that this action should be considered to be timely because he has schizophrenia and "was in deep clinical depression after [his] fiancee [he] learned was prostituting herself to purchase crack [and] crack dealers were giving [him] trouble, [and he] was having problems getting [his] girlfriend into drug rehabs." As this Court previously stated, equitable tolling of the AEDPA's one-year limitations period for filing a petition for

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED**, without prejudice, as time-barred under 28 U.S.C. § 2244(d)(1).

**IT IS FURTHER ORDERED** that petitioner is **DENIED** a certificate of appealability if he appeals this order of dismissal.

Dated this 30th day of April, 2008.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

---

writ of habeas corpus in federal court requires "extraordinary circumstances." Petitioner's claims relative to the timeliness of the instant action do not establish extraordinary circumstances required for equitable tolling; they are wholly conclusory and are unsupported by any evidence. *See Rios v. Mazzuca*, 78 Fed .Appx. 742 (2nd Cir. 2003); *Brown v. McKee*, 232 F.Supp.2d 761 (E.D.Mich. 2002).